**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5098**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JOE BOB CLARK, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge. (2:10-cr-00182-RGD-TEM-1)

Submitted:   June 1, 2012                    Decided:   June 12, 2012

Before WILKINSON and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joe Bob Clark, Jr., appeals his conviction and thirty-month sentence following his guilty plea to one count of traveling in interstate commerce and failing to register or update a registration, as required by the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), in violation of 18 U.S.C. § 2250(a) (2006). Clark argues that, in enacting SORNA, Congress (1) violated the non-delegation doctrine by impermissibly delegating legislative functions to the Attorney General, namely, the discretion to determine whether SORNA's registration requirements should apply to sex offenders like Clark, who were convicted prior to the Act's enactment; and (2) exceeded its authority under the Commerce Clause. Clark further argues that the retroactive application of SORNA to a pre-enactment offender violates the Ex Post Facto Clause. For the reasons that follow, we reject these arguments and affirm.

Prior to entering a conditional guilty plea, Clark moved to dismiss the indictment against him, raising the same constitutional claims pressed on appeal. The district court denied the motion. We review de novo the district court's denial of a motion to dismiss an indictment. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009).

"The non-delegation doctrine is based on the principle of preserving the separation of powers between the coordinate branches of government." United States v. Ambert, 561 F.3d 1202, 1212 (11th Cir. 2009). Congress' delegation of authority to another branch of government does not offend the non-delegation doctrine as long as Congress has delineated an "intelligible principle" guiding the exercise of that authority. J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 409 (1928). Even a general legislative directive is a constitutionally sufficient intelligible principle if Congress "clearly delineates the general policy, the public agency [that] is to apply it, and the boundaries of th[e] delegated authority." Mistretta v. United States, 488 U.S. 361, 372-73 (1989) (internal quotation marks omitted).

Clark contends that there is no intelligible principle guiding the Attorney General's exercise of his discretion. Although this court has yet to resolve this issue in a published decision, this court has rejected this argument in three unpublished, non-binding decisions. See United States v. Rogers, No. 10-5099, 2012 WL 698890 (4th Cir. Mar. 6, 2012) (unpublished after argument), petition for cert. filed, __ U.S.L.W. __ (U.S. May 16, 2012) (No. 11-10450); United States v. Stewart, Nos. 11-4420/4471, 2012 WL 130746 (4th Cir. Jan. 18, 2012), cert. denied, __ S. Ct. __, 2012 WL 1390242 (U.S. May 21,

2012); United States v. Burns, 418 F. App'x 209 (4th Cir. 2011) (unpublished after argument). As was the court in Rogers, we are "satisfied that the persuasive reasoning of the panels in Burns and Stewart . . . fully disposes of the claim here." 2012 WL 698890, at *2. This disposition is also in accord with the published opinions from several of our sister circuits, which have squarely rejected the non-delegation argument. See, e.g., United States v. Guzman, 591 F.3d 83, 93 (2d Cir. 2010) (concluding that the Attorney General's delegated authority is "highly circumscribed" because SORNA "includes specific provisions delineating what crimes require registration; where, when, and how an offender must register; what information is required of registrants; and the elements and penalties for the federal crime of failure to register" (internal citations omitted)), cert. denied, 130 S. Ct. 3487 (2010); United States v. Whaley, 577 F.3d 254, 264 (5th Cir. 2009) (holding that SORNA's statement of purpose is a guiding intelligible principle); Ambert, 561 F.3d at 1213-14 (describing SORNA's broad policy goals as intelligible principles). Based on these persuasive authorities, we too reject Clark's non-delegation argument.

Turning to Clark's Commerce Clause and ex post facto claims, Clark aptly concedes that these issues are foreclosed by this court's decision in United States v. Gould, 568 F.3d 459

4

(4th Cir. 2009), cert. denied, 130 S. Ct. 1686 (2010). A panel of this court cannot "overrule or reconsider a precedent set by another panel." United States v. Najjar, 300 F.3d 466, 486 n.8 (4th Cir. 2002). We thus hold that Clark's ex post facto and Commerce Clause challenges to SORNA fail.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED